**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI, DELTA DIVISION**

**CHARLOTTE CLEAVE, AS ADMINISTRATRIX
OF THE ESTATE AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
CHARLIE CLEAVE, DECEASED**                      **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.2:04CV161-PA**

**RENAL CARE GROUP, INC. d/b/a
RENAL CARE GROUP OF CLEVELAND**                      **DEFENDANT**

**RENAL CARE GROUP INC.'S MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL EXPERT OPINION**

       Renal Care Group, Inc. ("RCG"), by and through counsel, files this Motion to Strike Plaintiff's Supplemental Expert Opinion, and in support would show the following:

       1.      Defendant RCG filed its Motion for Summary Judgment in this matter on April 7, 2005, requesting that this Court dismiss Plaintiff's wrongful death claim as a matter of law because Plaintiff failed to make out a prima facie case of medical negligence through her expert opinion in compliance with the Case Management Order.

       2.      Plaintiff responded to RCG's Motion for Summary Judgment by re-characterizing her wrongful death claim as a survival action and by producing new opinions by her expert to support this newfound survival claim.

       3.      Plaintiff's "supplemental" expert opinions are untimely as they were served nearly four months after Plaintiff's expert designation deadline, nearly a month after the discovery cutoff deadline, weeks after the motion deadline, and approximately three months before trial.

       4.      Uniform Local Rule 26.1(A)(2)(d) states in part: "Discovery regarding experts shall be completed within the discovery period." Moreover, Rule 26.1(A)(5) states in part: "A party

is under a duty to supplement at appropriate intervals and in no event later than the discovery cut-off established by the scheduling order."

5.  Moreover, Uniform Local Rule 26.1 (A)(5) requires that a party supplement previous disclosures to include newly acquired information. Plaintiff has not acquired any new information upon which she is supplementing her former expert opinion, but is instead designating new opinions to support what she is now attempting to assert, a survival claim.

6.  Because the discovery period has ended in this matter as well as the time period for filing motions, RCG would be greatly prejudiced if Plaintiff's untimely supplemental expert opinion is allowed. Accordingly, Defendant moves to strike Plaintiff's Supplemental Expert Opinion.

WHEREFORE, PREMISES CONSIDERED, the Defendant, RCG, respectfully requests and prays that this Motion to Strike Plaintiff's Supplemental Expert Opinion be granted.

Respectfully submitted, this the __6th__ day of May, 2005.

> RENAL CARE GROUP, INC.
>
> BY: /S/ Felice Dowd Wicks
> FELICE DOWD WICKS

OF COUNSEL:
WISE CARTER CHILD & CARAWAY
MARTIN R. JELLIFFE, ESQ. (MSB #3067)
META S. COPELAND, MSB # 99245
FELICE DOWD WICKS, ESQ. (MSB #99974)
Professional Association
600 Heritage Building
401 East Capitol Street
Post Office Box 651
Jackson, Mississippi 39205
(601) 968-5500

**CERTIFICATE OF SERVICE**

      I, Felice Dowd Wicks, do hereby certify that on May 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Martin R. Jelliffe, Esq.
    mrj@wisecarter.com

    Meta S. Copeland, Esq.
    msc@wisecarter.com

    Felice Dowd Wicks, Esq.
    fdw@wisecarter.com

    George F. Hollowell, Jr., Esq.
    hollowelllawfirm@gmail.com

    Dated this __6th__ day of __May__, 2005.

                                         /S/ Felice Dowd Wicks
                                         Felice Dowd Wicks