## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

CHARLOTTE CLEAVE                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 2:04CV161-P-A

RENAL CARE GROUP, INC, dba
RENAL CARE GROUP OF CLEVELAND                                            DEFENDANT

### ORDER

This cause is before the Court on defendant's Motion to Strike Plaintiff's Supplemental Expert Opinion [39-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

The deadline for designation of plaintiff's experts was December 23, 2004. The supplemental report is in the form of an affidavit executed by Nurse Charla Litton on April 14, 2005 and submitted as an exhibit to plaintiff's response to the defendant's Motion for Summary Judgment on April 15, 2005. Defendant moved to stroke on May 6, 2005; plaintiff filed an untimely response on June 10, 2005.

As attorneys in this district should well know, expert designations are due with a party's *initial* disclosures, if available, and *at the latest* by the designation deadline. Not only does the Rule so state, but because of past failures to comply with this requirement, the assigned magistrate judge now specifically emphasizes that requirement at every case management conference. Untimely designation or supplementation is only appropriate upon a showing of "good cause." Uniform Local Rule 26.1(A)(2)(e). The Fifth Circuit has given district courts a set of

four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.

Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1000 (5th Cir. 1998) (citing Bradley v. United States, 866 F.2d 120, 124 (5th Cir. 1989) (citation omitted)).

Plaintiff characterizes Litton's affidavit as a "clarification" of her previously disclosed opinions. Cleave urges that Litton's testimony is critical to her case–indeed, this is true. If the Court refuses to permit the supplementation, Cleave will lack the medical testimony necessary to support the survival claim. Defendant, by contrast, urges that the affidavit is an effort to recast Litton's testimony to support a survival action rather than the wrongful death claim actually pleaded in Cleave's complaint. The Court concludes that the latter explanation is the most credible. Plaintiff failed to identify any new records or information which would prompt Nurse Litton's new opinions. The supplemental affidavit offering the new opinion was made only after RCG filed a dispositive motion based on the lack of proof to support plaintiff's wrongful death claim. A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinions differ from the earlier Rule 26 report. Brumley v. Pfizer, Inc., 200 F.R.D. 596, 603 (S. D. Tex. 2001) (striking supplemental expert report expressing new opinions and submitted after the discovery deadline).

The prejudice to the defendant is substantial. Notably absent from Litton's initial report is any reference to pain or suffering experienced by the decedent as a result of negligent care by the defendant. Plaintiff's Complaint pled a claim for wrongful death; plaintiff's expert opinions were submitted in support of a wrongful death claim, and RCG defended the case as a wrongful death claim. RCG would need to re-depose plaintiff to address the pain and suffering during the latter

months of Charlie Cleave's life, would need to supplement its own expert opinions and possibly

retain additional experts to rebut the claim, and would need to submit additional written discovery

on the new claim. Discovery ended on March 25, 2005, the pretrial conference has been held and

the trial is set for August 8, 2005. Although a lengthy continuance could mitigate the prejudice to

the defendant, that is not required. Where other factors support striking an expert's supplemental

opinions, then a district court is not required to grant a continuance. Robbins v. Ryan's Family

Steakhouse East, Inc., 223 F.R.D. 448, 454 (S.D. Miss. 2004).

As recognized by the Fifth Circuit in Sierra Club v. Cedar Point Oil Co., Inc., [t]he purpose

of rebuttal and supplementary disclosures is just that–to rebut and to supplement. These disclosures

are not intended to provide an extension of the deadline by which a party must deliver the lion's

share of its expert information." 73 f.3d 546, 572 (5th Cir. 1996). That admonition is particularly

compelling in this case. The facts and circumstances in this case do not justify allowing Nurse

Litton's untimely opinions and her supplemental affidavit should be stricken.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Strike

Plaintiff's Supplemental Expert Opinion [39-1] is well-taken and should be, and hereby is,

GRANTED.

SO ORDERED, this the 11th day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE