**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHARLOTTE CLEAVE**                                                                       **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:04CV161-P-A**

**RENAL CARE GROUP, INC, dba
RENAL CARE GROUP OF CLEVELAND**                                      **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

This cause is before the Court on defendant's Motion for Summary Judgment [34-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

Charlotte Cleave filed her complaint for wrongful death in the Bolivar County Circuit Court on April 23, 2004, alleging medical negligence in the treatment plaintiff's decedent, Charlie Cleave, received at Renal Care Group ("RCG") on April 7, 2003 when he presented to RCG for dialysis. On April 8, 2003, Mr. Cleave was admitted to Bolivar Medical Center, where he subsequently died on April 13, 2003. RCG removed the case to federal court on June 18, 2004 and filed an answer, denying all liability. After adequate opportunity for discovery, RCG filed its motion for summary judgment. The motion has been fully briefed and the Court is ready to rule.

On September 13, 2004, the magistrate entered a Case Management Order which established the following deadlines:

1. Plaintiff's experts shall be designated by December 23, 2004;

2. Defendant's experts shall be designated by January 24, 2005;

3. All discovery shall be completed by March 25, 2005;

4. All motions, including motions challenging another party's expert but not including other motions in limine, shall be filed by April 8, 2005.

The Case Management Order further provided for modification of the deadlines only by order of the Court upon a showing of good cause.

On December 17, 2004, Cleave served her Designation of Experts. The only expert identified by the plaintiff to provide expert medical opinions on the defendant's alleged negligence is Charla J. Litton, R.N. Nurse Litton's opinion does not identify the applicable standard of care owed to the decedent on April 7, 2003 nor any breach in the standard of care. Litton's opinion also fails to state how any alleged negligent treatment by the defendant caused or contributed to the decedent's injuries and death.

On November 19, 2004, RCG propounded its First Set of Interrogatories and Request for Production of Documents. RCG asked plaintiff to list the name, occupation, resident and business address of each person she expected to call as an expert witness. RCG also requested information regarding the subject matter about which the expert is expected to testify, the substance of facts and the opinions about which the expert is to testify and a summary of the grounds for each opinion. Cleave responded to the discovery request by referencing her previously disclosed Designation which identified Litton as the plaintiff's only expert on the alleged medical negligence of RCG. Plaintiff did not identify any additional medical experts or provide any additional medical opinions in response to defendant's interrogatory. The deadlines for designation of expert and for discovery

have expired.

STANDARD OF REVIEW

Rule 56©) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. <u>John v. State of La. (Bd. Of T. for State C. & U.</u>, 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. <u>Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis</u>, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." <u>Id.</u> "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. <u>Phillips Oil Company, v. OKC Corporation</u>, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes

3

that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.  Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  John, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material

facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. <u>See also Union Planters Nat. Leasing v. Woods</u>, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (<u>Topalian</u>, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." <u>John</u>, 757 F.2d at 712, <u>quoting Keiser v. Coliseum Properties, Inc.</u>, 614 F.2d 406, 410 (5th Cir. 1980).

## LEGAL ANALYSIS

I.      Wrongful Death Claim

RCG's predicated its motion for summary judgment on Cleave's failure to produce required expert testimony to establish medical negligence on the part of RCG. Under Mississippi law, a plaintiff in a medical negligence action must prove: 1) the existence of a duty on the part of a physician to conform to a specific standard of care; 2) a failure to conform to the standard of care; and 3) an injury to the plaintiff proximately caused by a breach of the standard of care. <u>Williams v. Massey, M.D.</u>, 982 F. Supp. 413, 415 (N.D. Miss. 1997). Expert testimony is necessary to establish the applicable standard of care, breach of that standard and proximate cause. <u>Id.</u>

RCG's motion attacked the plaintiff's ability to satisfy each of the elements delineated above. Cleave's response attempted to refute defendant's argument with regard to the first two elements; however, she conceded her failure to retain a qualified expert to testify regarding proximate cause. <u>Richardson v. Methodist Hosp. Of Hattiesburg, Inc.</u>, 807 So.2d 1244 (Miss. 2002). RCG is,

therefore, entitled to summary judgment with respect to Cleave's wrongful death claim.

II.    Survival Claim

The main thrust of Cleave's response to the summary judgment motion, however, was her effort to distinguish between the wrongful death claim discussed above, and what she asserts is a separate cause of action for Charlie Cleave's pain and suffering prior to his death.  She relies on the Richardson decision as support for her position.  Id.  As a further matter, she would have the Court deem the pleadings amended to conform to the evidence filed with the summary judgment motion. Putnam v. Williams, 652 F.2d 497, 499 (5th Cir. 1981).

Cleave urges the record evidence is sufficient to defeat summary judgment as to her survival action because Litton is qualified to testify concerning the proximate cause of the decedent's pain and suffering over the months prior to his death.  Id.  As support for her contention, she submitted Litton's affidavit.  The affidavit not only expands on the information provided in her initial report, but it includes additional information not previously disclosed to the defendants.[1]

RCG's reply urges dismissal of the cause of action altogether based on Cleave's concessions and her failure to plead a survival action.  RCG urges that Cleave's reliance on Richardson is inapposite and that Richardson put plaintiff on notice of the potentials consequence for not specifically pleading a separate survival claim.  Furthermore, the defendant distinguishes the instant case from Richardson by noting that nothing in Cleave's complaint gives defendant notice of a potential survival claim.  Plaintiff's complaint focuses on the last treatment the decedent received at RCG on April 7, 2003 and attributes the treatment from that date as the cause of death.  The

---

[1]  The defendant responded to Litton's affidavit by filing a Motion to Strike.  After considering the motion, the Court has determined that the motion is well-taken; an Order granting the Motion to Strike will be entered contemporaneously herewith.

Complaint demands only the relief to which wrongful death heirs are entitled: mental anguish, administrative expenses, funeral expenses, loss of society and companionship and loss of enjoyment of life. Pain and suffering are not mentioned in plaintiff's discovery responses or even in Litton's initial expert report.

Upon review of the pleadings and the record evidence, the Court is of the considered opinion that plaintiff failed to plead a survival action; nor can it be fairly said that the defendant should have gleaned such a claim from a reasonable reading thereof. In short, the Court concludes that the only properly pled claim before the Court is the wrongful death claim; the Court declines the plaintiff's invitation to "amend the pleadings" to conform to the evidence submitted in response to the summary judgment motion.

CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the defendant's Motion for Summary Judgment [34-1] is well-taken and should be granted. A judgment will issue accordingly.

This the 11th day of July, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE